*941 The defendant’s challenge to the trial court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) is without merit. The defendant failed to meet his burden of demonstrating that the prejudicial effect of cross-examination regarding certain prior convictions so outweighed the probative worth of that evidence that exclusion was warranted (see id. at 378; People v Harris, 74 AD3d 984, 984-985 [2010]). The trial court’s “Sandoval compromise” (People v Smith, 18 NY3d 588, 597-599 [2012] [Pigott, J., concurring]), therefore, was not an improvident exercise of discretion (see People v Harris, 74 AD3d at 984-985; People v White, 60 AD3d 1095, 1096 [2009]).
The defendant’s claim of error regarding the trial court’s handling of a jury note, raised in his pro se supplemental brief, does not constitute a mode of proceedings error (see People v Starling, 85 NY2d 509, 516 [1995]), and therefore requires preservation as a question of law (see CPL 470.05 [2]; People v Gerrara, 88 AD3d 811, 812-813 [2011]; cf. People v O’Rama, 78 NY2d 270 [1991]). The defendant failed to preserve his claim for appellate review (see People v Gerrara, 88 AD3d at 813), and we decline to review it in the exercise of our interest of justice jurisdiction (id.).
As the People correctly concede, the defendant’s prior conviction under the federal bank robbery statute (see 18 USC § 2113), does not constitute a predicate violent felony conviction (see Penal Law § 70.04 [1] [b] [i]; People v Walker, 185 AD2d 951, 952 [1992]; People v Sellers, 168 AD2d 583, 583-584 [1990]). Although the defendant did not preserve for appellate review his contention that he was improperly adjudicated as a second violent felony offender based upon that federal conviction, we review his present claim as a matter of discretion in the interest of justice (see People v Horvath, 81 AD3d 850, 851 [2011]). In so doing, we vacate the defendant’s adjudication as a second vio *942 lent felony offender and the sentence imposed thereon, and remit the matter for resentencing (see id.; Penal Law § 70.06 [1] [b] [i]). Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.